# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

FELIX MIKHALSKY,

        Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT;
OFFICER CODY HASEN #17078;
DOES I-X,

        Defendants.

Case No. 2:21-cv-00911-GMN-VCF

**ORDER**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1); COMPLAINT (ECF NO. 1-1)

    Before the Court are pro se plaintiff Felix Mikhalsky's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). Plaintiff's (1) in forma pauperis application is granted; and (2) his complaint is dismissed without prejudice with leave to amend.

## DISCUSSION

    Plaintiff's filings present two questions: (1) whether plaintiff may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether plaintiff's complaint states a plausible claim for relief.

### I.    Whether Plaintiff May Proceed *In Forma Pauperis*

    Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff's application to proceed *in forma pauperis* includes a declaration under penalty of perjury that plaintiff is unable to pay the costs of these proceedings. (ECF

No. 1). Plaintiff's affidavit states that monthly wages of $1,886 and he has about $100 in savings. (*Id.*) Plaintiff's application to proceed *in forma pauperis* is granted.

## II. Whether Plaintiff's Complaint States a Plausible Claim

### a. Legal Standard

Because the Court grants plaintiff's application to proceed *in forma pauperis*, it must review plaintiff's complaint to determine whether the complaint (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### b. Plaintiff's Asserted Facts

Felix Mikhalsky brings claims against Officer Cody Hasen, the Las Vegas Metropolitan Police Department (LVMPD), and ten unidentified John/Jane Does related to the May 10, 2020 incident. On that date, Officer Cody Hasen responded to an allegation of child abuse made by Mai Tran against Mr. Mikhalsky. Mr. Mikhalsky states that Officer Hasen ordered Mr. Mikhalsky to refrain from sitting with Mr. Mikhalsky's daughter on Mr. Mikhalsky's lap while Officer Hasen conducted an interview of Mr. Mikhalsky. Mikhalsky appears to allege that Officer Hasen's instructions were discriminatory based on sex because Mr. Mikhalsky is a man (ECF No. 1-1). Additionally, Mr. Mikhalsky states Officer Hasen "attempted to compel [him] to express the officer's viewpoint." (ECF No. 1-1) Mikhalsky is seeking compensatory damages of $28,000.

### c. Plaintiff's Complaints

Mr. Mikhalsky alleges this Court has federal question jurisdiction pursuant to § 1331, due to allegations of discrimination based on sex. Mr. Mikhalsky specifically brings an action under 42 U.S.C. § 1983 for violation of his constitutional rights. Although not specifically asserted, construing the pleadings liberally on behalf of the pro se plaintiff, he also brings an action under § 1983 for violation of federal statutory rights. The section "does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986).

#### i. Plaintiff fails to plausibly allege a claim against Doe I-X

The allegations in the complaint make no reference to any of the John/Jane Doe defendants. Because of this omission, the complaint fails to state a claim on which relief may be granted against thse

3

defendants. In an amended complaint, Mr. Mikhalsky must make specific allegations against Doe I-X to proceed.

### ii. Plaintiff fails to plausibly allege a claim against the LVMPD

Municipalities may not be held liable on a respondeat superior theory under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, a municipal entity may be liable when its "policy or custom…inflicts the injury." *Id.* at 694. Municipalities and other local government units are included in that group of "persons" referred to in § 1983. *Id.* A complaint must allege "that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). A single act by a non-policymaking official does not show the existence of a policy, custom, or practice. *Rivera v. L.A.*, 745 F.3d 384, 389 (9th Cir. 2014). "[C]onstitutional deprivations could subject a municipality to liability under § 1983 if they were the result of a governmental custom sufficient to establish causation." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012).

To sufficiently plead the second element of a § 1983 claim, the plaintiff must show the defendant deprived plaintiff of a federally protected right. *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986). Mr. Mikhalsky's complaint asserts two federal statutory violations:

### A. Civil Rights Act of 1964

Mr. Mikhalsky alleges a violation of the Civil Rights Act of 1964. His complaint alleges an employment discrimination claim under Title VII. The alleged discrimination is outside the employment context, thus Mr. Mikhalsky fails to state a Title VII claim on which relief may be granted. Construing the pleadings liberally on behalf of the pro se plaintiff, Mr. Mikhalsky is asserting a claim under Title VI of the Civil Rights Act of 1964. Title VI states "no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42

U.S.C. § 2000d. The Supreme Court has determined Title VI "prohibits only intentional discrimination." *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001). Mr. Mikhalsky has failed to allege any custom or policy underpinning the actions of Officer Hasen. As such, Mr. Mikhalsky fails to state a claim on which relief may be granted. Mr. Mikhalsky will need to amend his complaint to explain why Title VI applies in this case. Specifically, plaintiff will need assert in what capacity LVMPD receives federal funding and allege intentional discrimination stemming from an LVMPD custom or policy.

### B. Omnibus Crime Control and Safe Streets Act of 1968

Mr. Mikhalsky fails to plausibly assert a claim under the Omnibus Crime Control and Safe Streets Act of 1968, which provides that "[n]o person in any State shall on the ground of race, color, religion, national origin, or sex be excluded from participation in, be denied the benefits of, or be subjected to discrimination under or denied employment in connection with any programs or activity funded in whole or in part with funds made available under this chapter." 34 U.S.C. § 10228. Plaintiff fails to assert that the Safe Streets Act applies to the LVMPD as a federal fund recipient under the statute. Additionally, even if the LVMPD falls within the scope of the Safe Streets Act, plaintiff must first establish that all administrative remedies have been exhausted pursuant to 34 U.S.C. § 10228(c)(4)(A). Until the complaint is amended to show plaintiff has exhausted administrative procedures available through "the Office of Justice Programs or any other administrative enforcement agency," the plaintiff cannot plausibly assert a claim entitled to relief. *Id.*

### iii. Plaintiff fails to plausibly allege a claim against Officer Hasen

To sufficiently plead the first element of a § 1983 claim, the plaintiff must show the defendant acted "under the color of state law." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986). Officer Hasen was functioning in his official role as a LVMPD police officer. Officials conducting responsibilities as prescribed by state law act under the color of state law.

To sufficiently plead the second element of a § 1983 claim, the plaintiff must show the defendant deprived plaintiff of a federally protected right. *Id.* Mr. Mikhalsky's complaint asserts three constitutional violations:

### A. Fourteenth Amendment Due Process Clause

For a prima facie case of due process violation, the plaintiff must "identify a liberty or property interest protected by the Constitution." *U.S. v. Guillen-Cervantes*, 748 F.3d 870, 872 (9th Cir. 2014). "[The Ninth] Circuit has recognized that parents have a Fourteenth Amendment liberty interest in the companionship and society of their children." *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010). Mr. Mikhalsky states that Officer Hasen "interfered with the sacred bond between father and child." (ECF No. 1-1). Mr. Mikhalsky asserts his parental relationship under a freedom of religion claim. Construing the pleadings liberally on behalf of the pro se plaintiff, Mr. Mikhalsky has effectively presented a federally protected liberty interest.

To find a procedural due process violation with respect to a liberty interest, "the court must determine whether the procedures used to deprive the prisoner of that liberty violate due process." *Brown v. Or. Dep't of Corr.*, 751 F.3d 983, 987 (9th Cir. 2014). "The fundamental requirement of due process is the opportunity to be heard." *Parratt v. Taylor*, 451 U.S. 527, 540 (1981). The *Parratt* doctrine requires adequate post-deprivation procedures for redress in situations where it is impracticable to provide meaningful pre-deprivation procedures. *SOC, Inc. v. Las Vegas Metro. Police Dep't*, No. 2:06-CV-1409-RCJ-GWF, 2007 WL 9719084, at *3 (D. Nev. May 22, 2007). The *Parratt* doctrine likely applies in this case because pre-deprivation procedures would have been impracticable. Officer Hasen's commands were formulated in direct response to activities arising during the interview. Mr. Mikhalsky does not reference the inadequacy of post-deprivation procedures for redress. As such, Mr. Mikhalsky fails to state a claim on which relief may be granted. In an amended complaint, Mr.

Mikhalsky must detail the post-deprivation procedures available and why they are inadequate measures for redress.

To find a substantive due process violation, "the alleged abuse of power [must] shock[] the conscience and violate[] the decencies of civilized conduct." *Stoot v. City of Everett*, 582 F.3d 910, 928 (9th Cir. 2009). "Official conduct that shocks the conscience in depriving parents of [their parent-child liberty interest] is cognizable as a violation of due process." *Wilkinson*, at 554. The parental liberty interest in the companionship of their child is often raised by surviving parents for the wrongful death of their children. *See Porter v. Osborn*, 546 F.3d 1131 (9th Cir. 2008); *Zion v. Cnty of Orange*, 874 F.3d 1072 (9th Cir. 2017). The request by Officer Hasen arguably served a legitimate purpose in the context of an interview with a child abuse suspect and could hardly be construed as shocking the conscience. As such, Mr. Mikhalsky fails to state a claim on which relief may be granted.

### B. Fourteenth Amendment Equal Protection Clause

The Equal Protection Clause of the Fourteenth Amendment covers members of a protected class. "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (internal citation omitted). Alternatively, to assert a class-of-one equal protection claim a plaintiff must allege the defendant "intentionally treated [him or her] differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Mr. Mikhalsky appears to be asserting a claim as a member of a protected class, rather than a class-of-one. This is evidenced by Mr. Mikhalsky stating "Officer Hasen [did not] instruct Mai Tran [sic] not to sit [her on Mai's] lap." (ECF No. 1-1). Mr. Mikhalsky has made a conclusory allegation that Officer Hasen's actions demonstrate "a

clear agenda and a clear bias against males." However, Mr. Mikhalsky has not asserted any facts to support this claim outside the present incident. As such, Mr. Mikhalsky fails to state a claim on which relief may be granted. In an amended complaint, Mr. Mikhalsky must make a non-conclusory assertion of facts which demonstrate intentional discrimination by Officer Hasen. Alternatively, Mr. Mikhalsky may pursue a class-of-one equal protection claim by asserting irrational treatment that differed from others similarly situated.

### C. First Amendment Compelled Speech

The First Amendment provides protection for freedom of speech. "Freedom of speech includes both the right to speak freely and the right to refrain from speaking at all." *Janus v. Am. Fed'n of State, Cnty., and Mun. Emp., Council 31*, 138 S.Ct. 2448, 2463 (2018). *West Virginia Board of Education v. Barnette* held that compelled speech doctrine "transcends constitutional limitations on their power and invades the sphere of intellect and spirit which it is the purpose of the First Amendment to our Constitution to reserve from all official control." 319 U.S. 624, 642 (1943). The 1st Amendment prevents "the government [from forcing] citizens to express beliefs that are not their own." *R.J. Reynolds Tobacco Co. v. Shewry*, 423 F.3d 906, 917 (9th Cir. 2005). The test for compelled speech is whether the state measure compels a person to be "an instrument for fostering public adherence to an ideological point of view he finds unacceptable." *Wooley v. Maynard*, 430 U.S. 705, 715 (1977). The facts as asserted convey an attempt by Officer Hasen to persuade Mr. Mikhalsky into compliance with his commands. The complaint does not allege Officer Hasen was using Mr. Mikhalsky as an instrument to relay a governmental viewpoint. As such, Mr. Mikhalsky fails to state a claim on which relief may be granted. In an amended complaint, Mr. Mikhalsky must assert facts that demonstrate how the adherence to Officer Hasen's commands would result in a public conveyance of thought which Mr. Mikhalsky finds unacceptable.

ACCORDINGLY,

IT IS ORDERED that Mr. Mikhalsky's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

The Clerk of Court is directed to file the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Mr. Mikhalsky's complaint (ECF Nos. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Mr. Mikhalsky has until Monday, August 2, 2021, to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation that the dismissed claims be dismissed with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch.*

*Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 1st day of July 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE