UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FELIX MIKHALSKY, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> OFFICER CODY HASEN #17078, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:21-cv-00911-GMN-VCF <br><br> **ORDER** |

Pending before the Court is Plaintiff Felix Mikhalsky's ("Plaintiff's") Objection, (ECF No. 7), to the Magistrate Judge's Report and Recommendation, (ECF No. 6), recommending that the Court dismiss the case.

Also pending before the Court is Plaintiff's Motion to Alter or Amend Judgment, (ECF No. 9).[1]

For the reasons discussed below, the Court **DENIES** Plaintiff's Objection and **DENIES as moot** Plaintiff's Motion to Alter or Amend Judgment.

I.  **BACKGROUND**

Plaintiff alleges Defendant Officer Cody Hasen[2] #17078 ("Defendant's") violated several of Plaintiff's constitutional and statutory rights.  On May 10, 2020, Defendant responded to an

---

[1] As discussed below, Plaintiff's Motion to Alter or Amend Judgment is effectively moot because the Court denies Plaintiff's Objection and adopts the Magistrate Judge's Report and Recommendation.  Thus, the Court denies as moot Plaintiff's Motion to Alter or Amend Judgment.

[2] The Complaint, Order, and Report and Recommendation spell Defendant's surname as "Hasen," but Plaintiff's Objection, Amended Complaint, and Motion to Alter or Amend Judgment spell it as "Hafen."  The Court considers both as the same person because regardless of spelling, these various documents provide the same police badge number for both surnames. (*See* Compl. at 1, ECF No. 1-1); (Order at 1, ECF No. 4); (Report and Recommendation at 1, ECF No. 6); (Pl.'s Obj. at 1, ECF No. 7); (Am. Compl. at 1, ECF No. 8); (Mot. Alter Am. Compl. at 1, ECF No. 9).

1  allegation of child abuse made by a Mai Tran against Plaintiff. (Compl. 1:5–25, ECF No. 1-1).
2  Plaintiff alleges that Defendant ordered him to refrain from sitting with Plaintiff's daughter on
3  Plaintiff's lap. (*Id.* 2:8–11).  Plaintiff appears to allege that Defendant's instructions were
4  discriminatory based on sex because Plaintiff is a man. (*Id.* 2:13–15).  Plaintiff then filed a 42
5  U.S.C. § 1983 action against Defendant on May 10, 2021. (*See generally* Order).

6       On July 1, 2021, the Magistrate Judge dismissed Plaintiff's Complaint without prejudice
7  for failure to state a claim and ordered Plaintiff to file an amended complaint by August 2,
8  2021, addressing the issues described in the Order. (Order 9:5–10, ECF No. 4).  Plaintiff did
9  not file an amended complaint by the deadline; thus, on August 3, 2021, the Magistrate Judge,
10 through a Report and Recommendation, recommended the Court dismiss the case for failing to
11 file an amended complaint. (Report and Recommendation ("R&R") 1:15–2:1, ECF No. 6).  On
12 the same day, Plaintiff filed an Objection to the R&R and his Amended Complaint. (*See*
13 *generally* Obj., ECF No. 7); (Am. Compl., ECF No. 8).  On August 27, 2021, Plaintiff filed the
14 Motion to Alter or Amend Judgment requesting that the Court reconsider its R&R. (*See* Mot.
15 Alter Am. J. 3:25–4:21, ECF No. 9).

16 **II.**     **LEGAL STANDARD**

17      When reviewing the order of a Magistrate Judge, the order should only be set aside if the
18 order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. §
19 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985).  A Magistrate
20 Judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a
21 mistake has been committed." *See United States v. United States Gypsum Co.*, 333 U.S. 364,
22 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th
23 Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes,
24 case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14-
25 cv-00224-RCJ, 2014 U.S. Dist. LEXIS 129489, 2014 WL 4635882, at *1 (D. Nev. Sept. 16,

2014). When reviewing the order, however, the Magistrate Judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The District Judge "may not simply substitute its judgment" for that of the Magistrate Judge. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

### III. DISCUSSION

The Magistrate Judge recommends that the Court should dismiss the case because Plaintiff failed to file an amended complaint or objection to the Magistrate Judge's Order. (*See* R&R 1:15–2:1). As discussed below, the Court agrees that it may dismiss the case for failure to timely file an amended complaint. Additionally, even if Plaintiff did not fail to timely file an amended complaint, the Court also dismisses Plaintiff's case for failure to cure the deficiencies the Order identified. The Court first turns to Plaintiff's failure to timely file an amended complaint.

#### a. Dismissal for Failure to Timely File an Amended Complaint

Plaintiff concedes that he failed to timely file an amended complaint consistent with the deadline that the Magistrate Judge imposed in his Order. (*See* Mot. Alter Am. J. 3:25–4:21). "The deadline to file and serve any objections to a magistrate judge's order is 14 days after service of the order." LR IB 3-1(a). "If a party does not timely object to a Magistrate Judge's order, the Court is not required to conduct any review of such order." *Ferguson v. S. Highlands Golf Club*, No. 2:05-cv-103-BES-PAL, 2006 WL 8442558, at *2 (D. Nev. Oct. 18, 2006) (citing *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review a district court uses when reviewing portions of an R&R to which no objections were made); *Schmidt v. Johnstone*, 263 F.Supp. 2d 1219, 1226 (D. Ariz. 2003) (interpreting the Ninth Circuit's decision in *Reyna-Tapia* as

adopting the view that courts need not review "any issue that is not the subject of an objection").

Here, the Magistrate Judge did not clearly err by dismissing Plaintiff's case because Plaintiff failed to timely file an amended complaint. The Magistrate Judge gave Plaintiff until August 2, 2021, to file an amended complaint that corrected the deficiencies delineated in its Order. (Order 9:7–10). However, Plaintiff failed to do so, filing his amended complaint one day late on August 3, 2021. *(See generally* Am. Compl.). As Plaintiff failed to comply with the Magistrate Judge's Order by untimely filing an amended complaint, the Court dismisses the case. Even if Plaintiff timely filed his amended complaint, however, Plaintiff does not show he has cured the deficiencies that the Magistrate Judge's Order identified. The Court now addresses how Plaintiff fails to cure said deficiencies.

### b. **Plaintiff's Amended Complaint**

The Magistrate Judge's Order dismissed Plaintiff's Complaint because his claims regarding Defendant's alleged violations of the Civil Rights Act of 1964, the Omnibus Crime Control and Safe Streets Act of 1968, Fourteenth Amendment Due Process Clause, Fourteenth Amendment Equal Protection Clause, and First Amendment Compelled Speech failed to state a claim. (*See generally* Order).

When the Court grants plaintiff's application to proceed in forma pauperis, it must review plaintiff's complaint to determine whether the complaint: (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Fed. R. Civ. Pro. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." To satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).

1 Fed. R. Civ. Pro. 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon
2 which relief can be granted.  A complaint should be dismissed under Rule 12(b)(6) "if it
3 appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that
4 would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

5       "[A] pro se complaint, however inartfully pleaded, must be held to less stringent
6 standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94
7 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a
8 complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with
9 directions as to curing its deficiencies, unless it is clear from the face of the complaint that the
10 deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th
11 Cir. 1995).

12       In the present case, the Order explains in detail why it is dismissing each of Plaintiff's
13 Complaint and describes how Plaintiff could cure the deficiencies if he chose to file an
14 amended complaint. (*See* Order 3:22–8:24).  For example, as to Plaintiff's claim that Defendant
15 discriminated against him based on sex in violation of the Fourteenth Amendment Equal
16 Protection Clause, the Magistrate Judge concluded that "Mr. Mikhalsky has made a conclusory
17 allegation that Officer Hasen's actions demonstrate 'a clear agenda and a clear bias against
18 males.' However, Mr. Mikhalsky has not asserted any facts to support this claim outside the
19 present incident." (Order 7:25–8:2).  The Order gave Plaintiff leave to amend his Complaint to
20 "make a non-conclusory assertion of facts which demonstrate intentional discrimination by
21 Officer Hasen." (Order 8:3–4).  Plaintiff's Amended Complaint fails to cure the deficiencies the
22 Order spelled out because although he provides more allegations to try supporting this claim,
23 those allegations are still conclusory. (*Compare* Compl. 2:2–21), (*with* Am. Compl. 8:7–9:4,
24 NFC No. 8); (*see also* Am. Compl. 8:13–14) (alleging that Defendant stereotyped him based on
25 sex when Defendant "instructed him not to place his daughter on his lap (due to Felix

Mikhalsky having male genitalia).  The defendant acted with intent and purpose to discriminate against the Plaintiff").

Similarly, Plaintiff's attempts to cure the deficiencies of the other claims the Order dismissed fall short because he merely provides conclusory allegations to support them. (*Compare* Compl. 2:1–5:25), (*with* Am. Compl. 2:6–11:24).  As such, even if Plaintiff had timely filed his Amended Complaint, the Court dismisses Plaintiff's case because the Amended Complaint does not correct the deficiencies that the Order identified.

Further, it is evident from the face of the Amended Complaint that Plaintiff cannot cure the deficiencies the Order identified.  First, Plaintiff had an opportunity to include more factual allegations to support his claims but did not do so in his Amended Complaint.  Next, in his Motion to Alter or Amend Judgment, Plaintiff argues the Court should reconsider the Magistrate Judge's R&R because Defendant lied and omitted pertinent facts related to the May 10, 2020, incident on his police report. (*See* Mot. Alter Am. J. 2:1–4:20).  However, these assertions, although more specific than the allegations in his Complaint and Amended Complaint, do not support Plaintiff's claims that Defendant discriminated against him based on sex. (*See id.*); (Order 4:3–8:24) (explaining the legal standards Plaintiff must meet to adequately allege discrimination based on sex under the Civil Rights Act of 1964, the Omnibus Crime Control and Safe Streets Act of 1968, Fourteenth Amendment Due Process Clause, Fourteenth Amendment Equal Protection Clause, and First Amendment Compelled Speech). Accordingly, the Court denies Plaintiff's Objection, adopts the Magistrate Judge's R&R, and dismisses the case with prejudice.  *Cato*, 70 F.3d at 1106.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Objection, (ECF No. 7), is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation, (ECF No. 6), is **ADOPTED in full**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Alter or Amend Judgment, (ECF No. 9), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED with prejudice**.

**DATED** this __14__ day of March, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT